UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DORRELL E. GREEN,                                   :

                                                                                    REPORT & RECOMMENDATION
                              Plaintiff,            :           10 Civ. 2180 (JSR) (GWG)

       -v.-                                         :

STi PREPAID, LLC,                                   :

                              Defendant.            :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

       Plaintiff, Dorrell Green, proceeding pro se, alleges that defendant STi Prepaid, LLC

("STi Prepaid") violated the Federal Trade Commission Act, the Manguson-Moss Warranty Act,

and 41 U.S.C. §§ 601-613 and also breached an oral settlement agreement.  STi Prepaid has

moved to dismiss pursuant to rules 12(b)(6) and 12(b)(1).  For the following reasons, STi

Prepaid's motion should be granted.

I.       BACKGROUND

       A.       Green's Allegations

       The Court assumes the allegations in plaintiff's amended complaint are true for purposes

of deciding the motion to dismiss.  See, e.g., Global Network Commc'ns, Inc. v. City of N.Y.,

458 F.3d 150, 154 (2d Cir. 2006).  Also, in light of Green's pro se status, the Court will consider

the factual allegations contained in her affirmation submitted in response to STi Prepaid's

motion, along with the exhibits annexed to that affirmation.  See, e.g., Woods v. Goord, 2002

WL 731691, at *1 n.2 (S.D.N.Y. Apr. 23, 2002) (considering pro se prisoner's factual allegations

in briefs as supplementing the complaint); Burgess v. Goord, 1999 WL 33458, at *1 n.1

(S.D.N.Y. Jan. 26, 1999) ("In general, 'a court may not look outside the pleadings when

reviewing a Rule 12(b)(6) motion to dismiss.  However, the mandate to read the papers of pro se

litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum.'") (quoting <u>Gadson v. Goord</u>, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (citations omitted).

Green, a resident of New Jersey, purchased a two dollar STi Prepaid phone card in April, 2009.  <u>See</u> Amended Complaint, filed Apr. 14, 2010 (Docket # 5) ("Am. Compl.") at 1, 3; <u>see also</u> Letter from Dorrell Green to Alexandra Nicu, dated June 23, 2009 (annexed as Ex. I to Am. Compl.) ("June 23 Letter") (referring to a "$2.00 Powerball prepaid phone card purchased by this consumer").  Green purchased the card in order to place "an overseas phone call to an attorney in the Caribbean who was handling a seacoast investment property . . . ."  <u>See</u> Am. Compl. at 3.  The purpose of this phone call was to confirm a $16,000 money transfer that Green was advancing to the attorney in order to secure her rights in the investment.  <u>See</u> <u>id.</u>  If Green failed to reach the attorney by the close of business on April 28, 2009, she would lose her right to invest in the property.  <u>See</u> <u>id.</u>  On April 26, 2009, Green called STi Prepaid to confirm that she had sufficient funds on her phone card to make the call.  <u>See</u> Complaint, filed Mar. 12, 2010 (Docket # 2) ("Compl.") at 1; <u>see also</u> Am. Compl. at 3.  A representative of STi Prepaid verified that Green had enough money on her card to make the call.  <u>See</u> <u>id.</u>

On April 28, 2009, Green attempted to call the attorney using her STi Prepaid phone card.  <u>See</u> Am. Compl. at 3.  She was unable to complete the phone call because the card was inactive.  <u>Id.</u>  In addition, Green was unable to obtain another phone card because it was already the end of the day when she learned she could not use her STi Prepaid calling card.  <u>See</u> <u>id.</u> at 6-7.  Green called STi Prepaid to inquire as to why her card was inactive.  <u>See</u> <u>id.</u>  She spoke with a supervisor who told her that a $.30 per day maintenance fee had been deducted from her card's

2

balance, thus leaving her phone card with insufficient funds to complete her call to the

Caribbean.  See id.  Green was told that this fee is not disclosed over the phone, but instead is

printed on the top portion of the STi Prepaid phone card.  See id. at 3-4.

Green admits that this policy was printed on the top half of her card but alleges that it

was written illegibly and placed on a portion of the card that "is not in any way used to place

calls.  It is attached by perforation to the usable portion of the card and is routinely discarded

much like one routinely discards the wrapping of a product."  Id. at 4.  While Green concedes

that STi Prepaid's phone cards include instructions to retain the top portion of the packaging, she

alleges that this instruction is also illegible.  See id. at 4 n.1.

On July 14, 2009, Green had a phone conversation with Stephen Lucash, the Director of

Corporate Tax & Regulatory Affairs for STi Prepaid, in which the two allegedly discussed

settling Green's claim.  See id. at 7-8.  During this call, Lucash asked Green for the "dollar

amount [she was] asking for."  Id. at 8.  Green informed Lucash that she would have to discuss

an appropriate amount with her attorney.  See id.  Lucash told Green to "have her attorney draft a

letter and they would send it off to [STi Prepaid's] attorneys."  Id. at 8.  On July 21, 2009, Green

responded to Lucash's request stating that she wanted $48,000 to settle the matter.  See Letter

from Dorrell Green to Stephen Lucash, dated July 21, 2009 (annexed as Ex. V to Compl.).  In a

letter to Green dated August 18, 2009, Lucash disclaimed STi Prepaid's liability and offered

Green a complimentary five dollar calling card.  See Letter from Stephen Lucash to Dorrell

Green, dated Aug. 18, 2009 (annexed as Ex. VI to Compl.).

Green asserts that STi Prepaid violated 15 U.S.C. §§ 41-45 and 15 U.S.C. § 2302(a) by

failing to conspicuously place the $.30 per day maintenance fee on the back of its prepaid calling

cards.  See Am. Compl. at 4.  Green also alleges that STi Prepaid engages in deceptive practices

by selling cards which appear to be worth two or five dollars of talk time, but are actually worth

far less after the reduction of fees.  See Plaintiff's Affirmation in Support of Her Opposition to

Defendant's July 22, 2010 Motion to Dismiss the Amended Complaint, filed Aug. 2, 2010

(Docket # 23) ("Pl. Aff.").  In addition, Green alleges that STi Prepaid breached an agreement by

refusing to give her the $48,000 she requested in her July 21, 2009 letter.  See Am. Compl. at 7-

10.  Green contends that the July 14, 2009 conversation with Lucash resulted in an oral contract

with STi Prepaid under which the company agreed to pay Green the amount she requested to

settle her claim.  See id.  She asserts that this breach constitutes a violation of 41 U.S.C. §§ 601-

613.  Id. at 8-9.

Green alleges that because of her inability to use the prepaid calling card, she was unable

to invest in a "new upscale[,] exclusive[,] seaside hideaway on Jamaica's north coast."  See id. at

10.  She seeks $100,000 – the return on an investment in the property that she believes she

would have received in a year's time.  See id.

B.     Procedural History

Green filed her complaint on March 12, 2010.  See Compl.  On March 16, 2010, Chief

Judge Loretta A. Preska issued an order directing Green to file an amended complaint.  See

Order, dated Mar. 16, 2010 (Docket # 3) ("Preska Order").  On April 14, 2010, Green filed her

Amended Complaint.  See Am. Compl.  On July 22, 2010, defendants filed the instant motion to

dismiss.  See Notice of Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), filed July 22,

2010 (Docket # 16); Brief on Behalf of STi Prepaid, LLC in Support of its Motion to Dismiss the

Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), filed July 22, 2010 (Docket # 17)

("Def. Br."); Declaration of James E. Tonrey, Jr. in Support of Motion to Dismiss by STi

Prepaid, LLC, filed July 22, 2010 (Docket ## 18, 19).[1]  Green submitted opposition papers, see

Pl. Aff., and STi Prepaid filed a reply brief, see Reply Brief on Behalf of STi Prepaid, LLC in

further support of its Motion to Dismiss the Amended Complaint Pursuant to Rules 12(b)(1) and

12(b)(6), filed Aug. 9, 2010 (Docket # 25).

II.    DISCUSSION

    A.    Jurisdiction over Green's Federal Claims

The federal courts can only act within the bounds of their jurisdictional limits.  See

United Food & Commercial Workers Union v. Ctr. Mark Props. Meriden Square, Inc., 30 F.3d

298, 301 (2d Cir. 1994).  The party asserting jurisdiction bears the burden "of proving that the

case is properly in federal court . . . . "  Id. (citing McNutt v. Gen. Motors Acceptance Corp., 298

U.S. 178, 189 (1936)) (brackets omitted).  28 U.S.C. § 1331 provides that "[t]he district courts

shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

of the United States."  To invoke federal question jurisdiction, a party must show that its cause

of action arises under federal law.  See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).

STi Prepaid seeks to have the complaint dismissed on subject matter jurisdiction grounds

because it fails to state a claim under any of the federal laws Green cites.  See Def. Br. at 14-15.

Where a party fails to state a claim under federal law, such a dismissal is normally on the merits,

rather than for want of subject matter jurisdiction.  See, e.g., Spencer v. Casavilla, 903 F.2d 171,

173 (2d Cir. 1990) (court "should not dismiss a complaint asserting a nonfrivolous claim under

---

[1] Prior to the filing of the motion, Green's in forma pauperis status was revoked, see Order, filed May 24, 2010 (Docket # 10), and she subsequently paid the filing fee.

federal law for lack of jurisdiction even if the complaint fails to state a claim upon which relief

can be granted"); Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y., 754 F.2d 49, 55 n.3

(2d Cir. 1985) (Where a party "simply . . . alleg[es] a cause of action, not patently frivolous on

its face, that purportedly arises under a federal statute, [the party has] made allegations sufficient

to sustain subject matter jurisdiction in the district court.  Whether a cause of action is stated that

can survive a motion to dismiss for failure to state a claim upon which relief can be granted is a

different question.") (citations omitted).  If the claim asserted is "wholly insubstantial and

frivolous," however, the dismissal is for lack of subject matter jurisdiction, not for failure to state

a claim.  In re Stock Exchs. Options Trading Antitrust Litig., 317 F.3d 134, 150 (2d Cir. 2003)

(citations and internal quotation marks omitted).  Because Green's claims are "wholly

insubstantial and frivolous," dismissal of the federal claims for lack of subject matter jurisdiction

is appropriate.

　　　　Green alleges that STi Prepaid has violated the Federal Trade Commission Act, 15

U.S.C. §§ 41-45.  This Act established the Federal Trade Commission.  15 U.S.C. § 41.  But

"[n]owhere does the Act bestow upon either competitors or consumers standing to enforce its

provisions."  Alfred Dunhill Ltd. v. Interstate Cigar Co., 499 F.2d 232, 237 (2d Cir. 1974).

Because the Act does not provide a private right of action, Green cannot rely on it as a basis for

jurisdiction.  See Li Xi v. Apple Inc., 603 F. Supp. 2d 464, 470 (E.D.N.Y 2009) (dismissing

claim brought under section 5(a) of the Federal Trade Commission Act because the consumer

plaintiffs did not have standing to enforce it).

　　　　Under the Manguson-Moss Warranty Act, 15 U.S.C. §§ 2302-2312, a written warranty

for a consumer product must "fully and conspicuously disclose in simple and readily understood

language the terms and conditions of such warranty." 15 U.S.C. § 2302(a). Green alleges that STi Prepaid violated section 2302(a) of the Act by failing to disclose its fees in legible type. See Pl. Aff. at 5-6 ("defendant's terms and conditions affecting the use of its product retains less than one tenth [ ] legibility on its calling card; wherefore plaintiff observed that this disclosure is so small it is practically invisible") (internal quotations omitted). Green contends that by placing a dollar amount on the calling card STi Prepaid is warranting that the card is worth that specific amount of talk time; that to be in compliance with the Act, the company must disclose its fee conspicuously; and that STi Prepaid must therefore use a larger typeface on the back of its cards. Id. at 4-5.

Green's reliance on 15 U.S.C. § 2302(a) is misplaced for a number of reasons, most obviously because section 2302(a) does not apply to consumer products costing five dollars or less. See 15 U.S.C. § 2302(e) ("The provisions of this section apply only to warranties which pertain to consumer products actually costing the consumer more than $5."). Because Green purchased only a two-dollar calling card, see June 23 Letter; Pl. Aff. at 6, she has no claim under the statute.[2]

Green cites 41 U.S.C. §§ 601-613, commonly known as the "Contract Disputes Act of 1978," as a basis for her suit as well. These statutes contain provisions relating to public contracts – that is, contracts entered into by the federal government. See 41 U.S.C. § 602. By purchasing STi Prepaid's calling card, Green did not enter into a contract with the federal government. Therefore these statutes are inapplicable.

---

[2] For reasons that are not clear, Green also makes reference to a $5 card. See, e.g., Am. Compl. at 5; Pl. Aff. at 5. But any claim regarding a $5 card would similarly fall outside the statute as it applies only to products costing "more than $5." 15 U.S.C. § 2302(e).

B.      State Law Claims

The amended complaint makes no specific reference to any state law claim and it is not clear if Green even intends to make such a claim.  But inasmuch as Green makes reference to a "spoken contract" between Green and Lucash, we will liberally construe her complaint as attempting to assert a state law contract claim based on this conversation.[3]

To the extent Green may be making a breach of contract claim, the claim fails because no enforceable contract was made between the parties.  Green alleges only that Lucash stated on July 14, 2009, that "we do not have the dollar amount you are asking for," told Green to "draft up" a letter with the amount Green thought was "fair," and stated that he would "send it off to our attorneys."  Am. Compl. at 8.  To establish the existence of an enforceable agreement under New York law, "a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound."  Kowalchuk v. Stroup, 61 A.D.3d 118, 121 (1st Dep't  2009).  Here, STi Prepaid made no offer of payment to Green but instead asked her to make a demand that it would later review.[4]

---

[3]  As to subject matter jurisdiction over a state law claim, the Court has satisfied itself that there is diversity of citizenship between the parties under 28 U.S.C. § 1332.  While it appears that the amount-in-controversy requirement has not been met, it is unnecessary to reach this question and, indeed, it would be difficult to do so in light of the fact that because no state law claim is stated, any calculation of damages cannot be tied to any theory of liability.

[4]  We have cited to New York law because the only citations to state law in the parties' briefs with respect to any contract claim, see Def. Br. at 20, are to New York cases.  See Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such 'implied consent . . . is sufficient to establish choice of law.'") (quoting Tehran-Berkeley Civil & Envtl. Eng'rs  v. Tippetts-Abbett-McCarthy-Stratton, 888 F.2d 239, 242 (2d Cir. 1989)).  The result would not be different, however, under the law of New Jersey, Green's place of residence.  See, e.g., Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992) ("[a] contract arises from offer and acceptance") (citations omitted).

Green argues that there was a "clear implication" that the request for a dollar amount "was an offer to compensate plaintiff for her investment loss." Am. Compl. at 8. There is no such "clear implication," however. The only reasonable meaning that can be attached to the conversation is that Lucash was asking Green to put in writing her claim and that any such claim would later be reviewed by STi Prepaid's attorneys – not that they were binding themselves to pay for Green's alleged losses.

Green's reference to the "implied covenant of good faith and fair dealing" does not save her claim inasmuch as "[a]bsent the existence of a contract, a claim alleging breach of the implied covenant of good faith and fair dealing is legally unavailing." Keefe v. N.Y. Law School, 71 A.D.3d 569, 570 (1st Dep't 2010).

Conclusion

For the foregoing reasons, the motion to dismiss (Docket # 13) should be granted.

**PROCEDURE FOR FILING OBJECTIONS TO THIS
REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Jed S. Rakoff, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Rakoff. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd &

9

<u>Carwile, P.C.</u>, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  October 18, 2010
            New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge


Copies sent to:

Dorrell E. Green
723 East 26th Street
Paterson, NJ 07504

James Edward Tonrey
Wilentz, Goldman & Spitzer, P.A.
Suite 900, Box 10
90 Woodbridge Center Drive
Woodbridge, NJ 07095

Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: October 18, 2010
      New York, New York

                                     GABRIEL W. GORENSTEIN
                                     United States Magistrate Judge

Copies sent to:

Dorrell E. Green
723 East 26th Street
Paterson, NJ 07504

James Edward Tonrey
Wilentz, Goldman & Spitzer, P.A.
Suite 900, Box 10
90 Woodbridge Center Drive
Woodbridge, NJ 07095

10